UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LOUISIANA ENVIRONMENTAL                    CIVIL ACTION
ACTION NETWORK

VERSUS                                     NO: 09-7389

SUN DRILLING PRODUCTS                      SECTION: "J" (4)
CORPORATION

**ORDER AND REASONS**

Before the Court is Defendant's **Motion to Dismiss for Lack of Jurisdiction** (Rec. D. 15). This motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(1). The Court heard oral argument in this matter on Wednesday May 12, 2010. Upon review of the record, the memoranda of parties, the applicable law, and oral argument this Court now finds, for the reasons set forth below, that Defendant Sun Drilling Products Corporation's **Motion to Dismiss for Lack of Jurisdiction** (Rec. D. 15) is **DENIED.**

**FACTUAL AND PROCEDURAL BACKGROUND**

This suit is brought by the Louisiana Environmental Action Network ("LEAN") as a citizen's suit authorized by the Federal Water Pollution Act 33 USC § 1251 *et seq* also known as the Clean Water Act ("CWA") against Sun Drilling Products Corporation.

1

LEAN is a Louisiana based environmental watch dog non-profit and Sun Drilling is a company doing business in Louisiana.

The complaint alleges that the Defendant illegally discharged pollutants into the Mississippi river. The suit is brought pursuant to the Clean Water Act in 33 USC § 1365(a)(1) which authorizes citizen's suits to enforce the CWA.

At its facility located in Plaquemines Parish, Louisiana, Sun Drilling manufactures certain chemicals used in the oil and gas industry. As a by-product of its manufacturing process, waste water containing certain regulated chemicals are discharged into the Mississippi River. In May of 2008, the Louisiana Department of Environmental Quality ("LDEQ") began an investigation of Sun Drilling for alleged violations of clean water regulations in Louisiana. The matter was turned over to the enforcement department of the LDEQ on February 26, 2009. Following the procedure of the CWA, Plaintiff filed its notice of intent to sue on July 23, 2009. The Louisiana Department of Environmental Quality issued a compliance order on September 9, 2009. The compliance order does not include any civil penalties. Plaintiff LEAN filed this law suit on November 19, 2009.

Despite the issuance of the compliance order, Plaintiff alleges that the Defendant continues to illegally discharge chemicals into the Mississippi River, in violation of the CWA and

in breach of the compliance order issued by LDEQ. (See Pl. Ex A&B).

**PARTIES ARGUMENTS**

In support of its motion Defendant raises two main arguments. First Defendant argues that any right to bring a citizen's suit that LEAN may have had is supplanted by the LDEQ prosecution of the Defendant. Second Defendant argues that, since the LDEQ has issued a compliance order with respect to the Defendant, Plaintiff's lawsuit is moot.

Defendant argues that pursuant to 33 USC § 1319(g)(6) a citizen's suit is barred where a State has commenced and is diligently prosecuting an action using the State enforcement mechanism. In support of its first argument, Defendant focuses first on the "comparable" nature of the State law being enforced and the underlying federal regulatory scheme which the CWA is meant to enforce. Relying on the arguments approved in <u>Lockett v. Environmental Protection Agency</u>, Defendant avers that the State law enforcement mechanism is designed to enforce the same penalties, and prevent the same type of violations as the CWA. 319 F.3d 678 (5th Cir. La. 2003) Therefore, Defendant argues that Plaintiff's suit should be barred.

3

Defendant also argues that Plaintiff is not saved by the so-called safe harbor provision of the CWA. The safe harbor exception provides that:

> The limitations contained [in § 1319(g) (6)] shall not apply with respect to any violation for which...(ii) notice of an alleged violation ...has been given ...prior to **commencement of an action** under this subsection and an action [under this subsection] with respect to such alleged violation is filed before the 120th day after the date on which such notice is given.

33 USC § 1319(g)(6)(b)(emphasis added)

Defendant acknowledges that Plaintiff filed its notice prior to issuance of the compliance order by LDEQ. However, Defendant avers that the investigation by LDEQ commenced in May 2008. The investigation, argues Defendant, is an integral part of the enforcement regime which led to the compliance order and should therefore be considered part of the action against Defendant. More specifically, Defendant points to the fact that on February 26, 2009, LDEQ transferred its investigation to the enforcement division of the department. Furthermore on May 28, 2009, the enforcement division of LDEQ sent a warning letter to Sun Drilling. All these actions, argues Defendant, represent the

commencement and diligent prosecution of an action against Defendant.

Defendant also argues that the case before the Court is moot as a result of the compliance order issued by LDEQ. Relying on <u>Envtl. Conservation Org. v. City of Dallas</u>, the Defendant argues that since all violations alleged by Plaintiff are resolved by the order, the suit should be dismissed as moot. 529 F.3d 519 (5th Cir. Tex. 2008).

Defendant further urges the Court to apply the least rigorous standard, from the defense perspective, of determining mootness in the present case. Defendant argues that since this matter stems from an enforcement action, Plaintiff must show that the alleged violations have a realistic prospect of continuing despite the compliance order. <u>Id.</u>

Defendant avers that plaintiff cannot meet this burden since Defendant is in compliance with the order. Therefore Defendant argues that the suit for injunctive relief is moot. Furthermore, Defendant argues that any action for civil penalties is moot. Though Defendant has not yet been assessed any penalties, they are anticipated pursuant to the compliance order. Defendant argues that this is sufficient.

Plaintiff counters both of Defendant's arguments. First, with respect to the mootness argument, Plaintiff alleges that

Defendant has violated the compliance order it has with LDEQ and that Defendant has failed to produce any evidence that the LDEQ has enforced the action against it. Plaintiff cites specific examples of violations of the regulations including one on February 26, 2010. Therefore, Plaintiff argues, Defendant cannot claim mootness since the violations continue.

With regards to Defendant's second argument, that the suit should be barred by LDEQ's enforcement action. Plaintiff argues that it is entitled to an exception pursuant to the safe harbor provision of the CWA. This provision permits citizen's suits despite a State action as long as the notice of intent was filed before the State action commenced. Plaintiff argues that prior to the issuance of the compliance order against Sun Drilling, the actions by LDEQ were merely investigatory and did not qualify as commencement or diligent prosecution of an action. In support of this, Plaintiff cites several decisions from other circuits. For example, in <u>PMC, Inc. v. Sherwin-Williams Co.</u>, the Court stated that, "[w]riting a letter would hardly be described as "commencing" or "prosecuting" an "action."" 151 F.3d 610, 618-619 (7th Cir. 1998).

Plaintiff further contends that even if the safe harbor provision does not apply, § 1319 (g)(6)(a) only applies to claims for civil penalties. Thus, Plaintiff's claim for injunctive

6

relief would survive. Again, Plaintiff relies on cases from other Circuits which support the contention that a citizen's suit should be allowed to proceed with injunctive relief when civil penalties are dismissed because of a comparable State action. See e.g. Paper, Allied-Industrial, Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co., 428 F.3d 1285, 1299 (10th Cir. Okla. 2005)(acknowledging that their decision would divide the circuits, the tenth circuit found that dismissing an injunctive action would not serve the purposes of the CWA.)

Finally, the Plaintiff argues that the suit presents a live controversy since Sun Drilling continues to violate the CWA. This case can be distinguished from City of Dallas, argues Plaintiff, since there the parties could only predict possible violations and here Plaintiff has proof of actual violations. Furthermore, in City of Dallas, the compliance order had a provision which assessed $800,000.00 in fines. In the present case, LDEQ has not yet assessed any fines for Sun Drilling's violations.

**LAW AND ANALYSIS**

The Court recognizes that citizen's suits under the CWA are intended to "supplement rather than to supplant" governmental action, and are appropriate only when government agencies fail to

exercise their enforcement responsibility. Gwaltney v. Chesapeake Bay Found., 484 U.S. 49, 60 (1987).

**"Commencement" of Diligent Prosecution**

The CWA provides that a citizen's suit is barred when it is brought after "diligent prosecution" of an action has commenced. The various Circuit Courts of Appeal have adopted different standards for determining when an action is said to have commenced. The Fifth Circuit has not directly addressed this issue. However, the Court touched on the issue in Lockett. In Lockett, the Fifth Circuit relied on the District Court's finding that the State's diligent prosecution commenced when "it issued a compliance Order." 319 F.3d 678, 683 (5th Cir. La. 2003). However, the Court noted that the parties raised no objection to this finding. Id.

In this case, the two parties have suggested differing standards for determining when an action has commenced. Plaintiff argues that the investigatory stage of the process is not a prosecution. Plaintiff urges the Court to adopt the standard of the Seventh Circuit which held that "an administrative action "commences" at the point when notice and public participation protections become available to the public and interested parties. Friends of Milwaukee's Rivers v. Milwaukee Metro. Sewerage Dist., 382 F.3d 743, 756 (7th Cir. 2004). The Defendant

argues that as soon as the State began an active investigation of the alleged violation, the Plaintiff's claims are barred.

Various Circuits have addressed this issue more squarely than the Fifth Circuit. The most strict definition is that embraced by the Second and Sixth Circuits which require that an action in Court be commenced to bar a citizen's suit:

> "Accordingly, this court adopts the reasoning of the Second Circuit, as expressed in <u>Friends of the Earth v. Consolidated Rail Corp.</u>,[768 F. 2d 57 (2d Cir, 1985)] and concludes that the plain and unambiguous language of 33 U.S.C. § 1365(a) precludes a citizen's suit only if the Administrator of the EPA or a State is diligently prosecuting an enforcement *action in a court of the United States, or a State*. Thus, since neither the State's Water Quality Control Board, nor the TDEC, rise to the level of a Federal or State court, the instant plaintiffs' citizen's suit is not precluded...

<u>Jones v. City of Lakeland</u>, 224 F.3d 518, 522 (6th Cir. 2000) (emphasis added). However, This reasoning was explicitly rejected by the Fifth Circuit. <u>Lockett</u> at 687.

Both the Eleventh, Ninth, and Eighth Circuits adopted more relaxed definitions of commencement, requiring that a formal

action such as an order or hearing be present. In <u>McAbee v. Payne</u>, the Eleventh Circuit noted that:

> The requirements of "commencement" and "diligent prosecution" are not at issue in this appeal. Neither the CWA nor the Eleventh Circuit has defined what specific acts constitute "commencement," but most courts that have addressed the issue have concluded that issuance of an administrative consent order -- like the one here -- would satisfy the "commencement" requirement. See, e.g., <u>Ark. Wildlife Fed'n v. ICI Americas, Inc</u>., 29 F.3d 376, 379-80 (8th Cir. 1994).

318 F.3d 1248, 1251 n.6 (11th Cir. 2003) The Ninth Circuit noted that in order for the diligent prosecution standard to be met, the State must be "prosecuting an administrative penalty action" <u>Citizens for a Better Env't v. Union Oil Co.</u>, 83 F.3d 1111, 1117 (9th Cir. 1996). The court further noted that once a settlement is reached between the state and the defendant, the claim is no longer being diligently prosecuted and the bar to citizen's suits by § 1319(g)(6)(A)(ii) is lifted. <u>Id.</u> at 1118. The Court provided no guidance as to whether this was intended to impact all violations or only subsequent violations. <u>Id.</u>

In <u>Culbertson v. Coats Am.</u>, the district court found that where the State agency "has not acted to require compliance...,

10

but has merely extended defendant's compliance deadlines," a diligent prosecution was not underway. 913 F. Supp. 1572, 1579 (N.D. Ga. 1995) The Court relied on language from <u>Gwaltney</u> which states that "citizen's suits are barred only if the Administrator or State has commenced an action *to require compliance*." <u>Gwaltney of Smithfield v. Chesapeake Bay Found.</u>, 484 U.S. 49, 60 (U.S. 1987)(emphasis added).

The Seventh Circuit focuses more on the inclusion of the public in an action to qualify it as having commenced:

> with respect to administrative enforcement actions, the "commencement" of the action is tied in with the "comparability" of the State statute to the Federal provisions. Specifically, we hold that for the purposes of § 1319(g), an administrative action "commences" at the point when notice and public participation protections become available to the public and interested parties

<u>Friends of Milwaukee's Rivers v. Milwaukee Metro. Sewerage Dist.</u>, 382 F.3d 743, 756 (7th Cir. 2004)

The Court is unable to find a case where a Court has held that writing a warning letter or simply beginning an investigation has qualified as the commencement of an action. The Court therefore concludes that the action in this case cannot be

11

said to have commenced when Plaintiff filed its notice of intent to sue.

**Mootness**

There are two standards which courts apply in determining whether or not a case brought pursuant to the CWA are moot. For cases where the parties entered into a voluntary agreement with a regulatory agency, the party asserting mootness must show that the alleged violations cannot reasonably be expected to recur. <u>City of Dallas</u> at 527. When compliance has been compelled by enforcement action, the party denying the mootness must show that there is a realistic prospect that the alleged violations will continue despite the action. <u>Id.</u>

In the present case, the Court need not decide which standard to apply since it is alleged, with sufficient supporting documentation, that the Defendant continues to violate the CWA. In fact, during oral argument, counsel for defendant admitted that the violations were continuing despite the compliance order. Therefore, the Court finds that under either standard for determining mootness, the claims asserted by Plaintiff are not moot.

**Injunctive Relief v. Civil Penalties**

It is clear that if the court finds that the issues are moot or that the State's actions constituted the commencement of a

diligent prosecutions that any claims for civil penalties would be precluded. However, there is a circuit split with respect to the question of injunctive relief. The First and Eight Circuits have found that where the CWA bars civil penalties, it also bars injunctive relief. Arkansas Wildlife Fed'n v. ICI Ams., 29 F.3d 376 (8th Cir. Ark. 1994); North & S. Rivers Watershed Ass'n v. Scituate, 949 F.2d 552 (1st Cir. Mass. 1991). However, the Tenth and Ninth circuit have found that citizen's suits can proceed with injunctive relief even after civil penalties have been dismissed pursuant to § 1319. Paper, Allied-Industrial, Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co., 428 F.3d 1285 (10th Cir. Okla. 2005); Washington Pub. Interest Research Group v. Pendleton Woolen Mills, 11 F.3d 883 (9th Cir. 1993)

The Court finds that it need not address this issue since the case before the Court is not moot and is not barred by the State action.

Accordingly,

**IT IS ORDERED** that Defendant Sun Drilling Products Corporation's **Motion to Dismiss for Lack of Jurisdiction** (Rec. D. 15) is **DENIED.**

New Orleans, Louisiana this 8th day of June 2010.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE