```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF LOUISIANA

LOUISIANA ENVIRONMENTAL                 CIVIL ACTION
ACTION NETWORK


VERSUS                                  NO: 09-7389


SUN DRILLING PRODUCTS                   SECTION: "J" (4)
CORPORATION
```

**ORDER AND REASONS**

Before the Court is Defendant's **Motion to Reconsider (Rec. Doc. 55).** Defendant claims that the Court's previous Order (Rec. Doc. 49) is based on a mistake of law. Defendant argues that the Court erred in that it did not conduct a separate traceability analysis and in its allegedly incorrect analysis of redressability. Defendant then proceeds to reiterate the arguments it made in its Opposition to Plaintiff's Motion for Summary Judgment (Rec. Doc. 37). It once again cites <u>Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.</u>, 73 F.3d 546 (5th Cir. 1996) for the premise that when the waterway is a large body of water, the Fifth Circuit requires the plaintiff to show more than the mere presence of a pollutant in the waterway to establish the third part of the traceability element. However, as previously addressed by the Court, to satisfy the traceability element of standing under the Fifth Circuit precedent, plaintiff does not need to "'show to a scientific certainty that [the]

1

defendant's effluent, and [the] defendant's effluent alone, caused the precise harm suffered by the plaintiffs.' " Id. at 558 (citing Save Our Community v. U.S. E.P.A., 971 F.2d 1155, 1161 (5th Cir. 1992)). In Sierra Club, the Fifth Circuit noted that

> [g]iven the number of entities discharging chemicals into Galveston Bay, it would be virtually impossible for any of Sierra Club's members to trace his injuries to [defendant]'s discharge in particular. Rather, it is sufficient for Sierra Club to show that [defendant]'s discharge of produced water *contributes* to the pollution that impairs [Sierra Club member]'s use of the bay.

Id. Similarly, Defendant's redressability argument was thoroughly addressed by the Court in its original Order.

Accordingly, **IT IS ORDERED** that Defendant's **Motion to Reconsider (Rec. Doc. 55)** is **DENIED**.

New Orleans, Louisiana, this 6th day of January, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

2